UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOBILE-ONE COMMUNICATIONS AND
ELECTRONICS, INC.,

        **Plaintiff,**

vs.                              Case No. 8:05-CV-2097-T-27EAJ

LAZY DAYS R.V. CENTER, INC.,

        **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Remand (Dkt. 5) and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Dkt. 6). Upon consideration, Plaintiff's motion is **GRANTED**.

### Procedural History

Mobile One Communications and Electronics, Inc. ("Plaintiff") is licensed by the Federal Communications Commission ("FCC") to own, operate and service land mobile radio systems to private individuals and businesses. Lazy Days' R.V. Center, Inc. ("Defendant") is in the business of selling and servicing recreational vehicles. Defendant is not an FCC licensee. Plaintiff initiated this action against Defendant in Hillsborough County Circuit Court on May 3, 2005. (Dkt. 2). Defendant was served with the summons and complaint on May 3, 2005.

In the complaint, Plaintiff alleges that recreational vehicles owned and sold by Defendant are equipped with defective television antennas. The defective antennas allegedly go into "oscillation" whereby they transmit signals on the radio frequency used by Plaintiff to provide services to its

customers. By doing so, the antennas allegedly interfere and prevent reception by Plaintiff's customers. Plaintiff alleges that due to the interference, its customers have terminated their service agreements with Mobile One. (Dkt. 2, ¶ 14). Plaintiff alleges state law claims for tortious interference with business relationships and private nuisance.

On June 13, 2005, Defendant filed a motion to dismiss in state court, arguing the state court lacked subject matter jurisdiction because Plaintiff's state law claims are preempted by the Federal Communications Act ("FCA"). (Dkt. 1, Ex. 1-5). On October 26, 2005, the state court judge denied Defendant's motion to dismiss. In relevant part, the order denying Defendant's motion provides:

> Defendant has not persuaded this Court at this stage that the Federal Communications Commission has preempted state courts from civil suits for damages by an FCC licensed broadcaster due to radio interference generated by a non-licensed person generating such interference.

(Dkt. 1, p. 2; Ex. 1-9).

On November 5, 2005, Defendant filed an answer and affirmative defenses to Plaintiff's complaint wherein Defendant raised the defense of federal preemption. On November 14, 2005, Defendant removed the case to this Court asserting federal question jurisdiction. (Dkt. 1). In its notice of removal, Defendant claims that the state court's order denying its motion to dismiss "makes clear that the Plaintiff's Complaint is based on radio frequency interference grounds that implicate an important question of federal law concerning whether the FCC has preempted state law claims by licensees against non-licensees who are alleged to have generated radio frequency interference." (Dkt. 1, p. 3). Alternatively, Defendant claims this case is removable because it involves "complete preemption" by federal law and the FCC. (Dkt. 1, p. 3).

Plaintiff moves to remand this action back to state court. (Dkt. 5). Plaintiff asserts removal is improper because (1) Defendant's notice of removal was untimely; (2) Plaintiff's state law claims

2

do not raise a federal question; and (3) Plaintiff's claims are not subject to complete preemption. (Dkt. 5).[1]

## Discussion

The notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). If the claim alleged in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendant removed this action more than thirty days after it was served with the complaint, but within thirty days after the state court issued its ruling on Defendant's motion to dismiss. According to Defendant, its notice of removal was timely because the state court's order constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable". Defendant asserts that the state court's order makes clear that Plaintiff's claims implicate an important question of federal law, namely, whether the FCC has preempted state law claims by a licensee for interference allegedly caused by a non-licensee.

While the state court's order might make clear that a question of federal law is implicated by Plaintiff's claims, the relevant federal question did not become ascertainable for the first time upon the entry of the state court's order. Rather, the federal question was apparent to Defendant

---

[1] Since this Court concludes that Defendant's notice of removal was untimely, it is unnecessary to address Defendant's grounds for establishing federal question jurisdiction.

upon its reading of the complaint, as Defendant raised the issue of preemption in its motion to dismiss. Defendant specifically argued to the state court that Plaintiff's tort claims should be dismissed because they are preempted by federal law. (Dkt. 1, Ex. 5, p. 4). Accordingly, Defendant was aware that a federal question may be implicated and that a basis for removal existed well before the state court issued its order denying Defendant's motion to dismiss. Defendant waived its right to remove the case to federal court by filing a motion to dismiss in state court and waiting until after the state court issued a ruling on that motion before filing a notice of removal. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001) ("defendants' right to remove a case is their right alone. . . . [t]hey can waive it, exercise it, or bargain it away") (citation omitted).

The filing of a motion to dismiss in state court does not in and of itself necessarily constitute a waiver of the defendant's right to remove. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). However, where as here, a defendant takes a substantial defensive action in the state court indicating a willingness to litigate in state court, wavier may be found. *See Yusefzadeh*, 365 F.3d at 1246 ("[a] state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . .") (citations omitted). Defendant waited over five months before filing its notice of removal despite being aware of the federal question at issue. Significantly, Defendant did not file its notice of removal until after the state court decided the preemption issue in favor of Plaintiff. Under these circumstances, Defendant's actions indicate a willingness to litigate the preemption issue in state court. Defendant cannot reasonably claim the federal question

4

first became apparent upon the state court's ruling. Nothing about the state court's order made the basis for federal jurisdiction newly ascertainable. Defendant's notice of removal is, therefore, untimely. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's motion to remand (Dkt. 5) is **GRANTED**. This case is remanded back to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 1st day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record